W. X. HUBER CO. *v.* UNITED STATES

**No. 5681.**—Invoice dated Rio de Janeiro, Brazil, September 6, 1940.
Certified September 20, 1940.
Entered at Los Angeles, Calif., September 28, 1940.
Entry No. 1691.

(Decided June 29, 1942)

*Harper & Harper (Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of certain semiprecious stones exported from Brazil and entered at the port of Los Angeles on September 28, 1940. They were invoiced and entered in United States dollars, and were appraised in Brazilian milreis on the basis of export value, resulting in an advance in value of 9 per centum.

At the hearing, held at Los Angeles on December 5, 1941, the plaintiff offered in evidence the testimony of two witnesses. The first, Boris Selwyn, testified that he was the owner of the Diamond Import Co., the ultimate consignee and the real importer herein, the nominal plaintiff, W. X. Huber Co., being the witness' customs broker; that he had supervision of the shipment of the merchandise at bar; that he had imported previous shipments of similar merchandise; that in all of said importations the prices paid were United States dollars; that he received quotations for the merchandise covered by the instant shipments in United States dollars, and that he paid for said merchan-

dise in United States dollars, according to the consular invoice; that he had never received any quotations except in United States dollars; that the present merchandise was still in customs custody pending decision in the instant case; that when he discovered that the customs officials were finding a value in milreis for the instant merchandise based on values set forth in a commercial invoice, he communicated with the exporter to find out why there were two invoices; and that he received a reply from the said exporter.

At this juncture counsel for the plaintiff offered in evidence three documents. The first, an affidavit executed by Otto Hirsch, the exporter of the merchandise at bar, in which the affiant states that he sold and invoiced said merchandise in United States dollars, was admitted in evidence herein as exhibit 1; that a commercial invoice in Brazilian milreis was annexed to the consular invoice because of a requirement of the Brazilian Government; that the rate of exchange appearing on said commercial invoice was at the rate required by the Bank of Brazil; and that the amount charged the importer herein was in American dollars and at the rate of exchange appearing in the consular invoice.

The second document is a certificate of the Brazilian official in charge of the Division of Classification and Estimation of precious stones; and the third document is a certificate executed by an official of the Bank of Brazil corroborating the statements in exhibit 1, as well as the testimony of plaintiff's witness, Selwyn. On objection by counsel for the Government, these two certificates were not admitted in evidence by the trial judge, who ordered them marked exhibits 2 and 3 for identification.

Counsel for the plaintiff in their brief filed herein contend that those two documents should be admitted in evidence as part of the *res gestae*, and cite several cases in support of such contention. I am inclined to agree with plaintiff's contention, and the documents are therefore admitted in evidence as exhibits 2 and 3.

Counsel for the Government then offered in evidence the commercial invoice attached to the consular invoice herein, which was admitted in evidence as exhibit 4.

On redirect examination the witness Selwyn testified in part as follows:

R Q. Do you have a copy of that commercial invoice?—A. No.

\*     \*     \*     \*     \*     \*     \*

R Q. When did you first learn of the existence of that invoice?—A. When Mr. Huber called me in the office and said the merchandise was being appraised in milreis.

\*     \*     \*     \*     \*     \*     \*

R Q. Do you know why there is a statement on there in milreis and there was no such statement on your consular invoice?

\*     \*     \*     \*     \*     \*     \*     \*

A. No, but I want to find that out.

\*     \*     \*     \*     \*     \*     \*

Q. Did you consider it to be the correct invoice merely because it was higher?—
A. No.

The plaintiff's second witness, Hollis J. Reed, a United States examiner of merchandise at the port of Los Angeles, testified that he had examined and passed upon the instant merchandise, and that he appraised the same in milreis. He then testified in part as follows:

Q. Did you investigate to determine what the currency of purchase was?

Mr. SPECTOR. I object to this whole line. It is wholly improper procedure to examine the appraiser as to the basis of his appraisement.

Judge DALLINGER. Did you ever make any investigation as to the currency in which this merchandise was purchased?

The WITNESS. Not in this particular case, but we have had other shipments of merchandise similar to this where the currency of purchase of the merchandise was the same as what we had in this case. In other words, I have had quotations of this class of merchandise in milreis to other importers which led to my belief that this merchandise was bought and sold in milreis and therefore I returned my value accordingly.

By Mr. GOTTFRIED.

Q. Did you ever see quotations in United States dollars for this type of merchandise?— A. No, I do not recall ever seeing any quotations of this class of merchandise in dollars.

There is no question but what the appraiser was entirely correct in appraising the instant merchandise in milreis, the currency of the country of exportation. Section 500 of the Tariff Act of 1930 provides in part as follows:

SEC. 500. DUTIES OF APPRAISING OFFICERS.

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding; \* \* \* .

Article 776 of the Customs Regulations of 1937 reads in part as follows:

Art. 776. Returns by appraiser.—Appraising officers will observe the following rules in making returns on invoices:

\*     \*     \*     \*     \*     \*     \*

(b) Except as modified in this article, the value shall be expressed in the currency of the country of exportation in which merchandise identical with or similar to that under appraisement is usually bought and sold in the ordinary course of trade, notwithstanding that two or more currencies of different character may circulate in that country.

The appraiser, therefore, having in this instance acted strictly according to law, his action must be presumed to be correct. Hence, it was incumbent upon the plaintiff to prove, first, that the action of

the appraiser was erroneous; and second, that some other value was the proper dutiable value of the merchandise. In my opinion, he has failed to do either of these things. The mere fact that the plaintiff herein may have purchased the instant merchandise in United States dollars, as set forth in the consular invoice, is utterly insufficient to prove a value for the merchandise other than the appraised value thereof. It was incumbent upon the plaintiff to prove that the invoice and entered values were the values at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States; and that there was no higher foreign value for said merchandise. *United States* v. *F. B. Vandegrift & Co.*, 18 C. C. P. A. 356, T. D. 44613; *United States* v. *Malhame & Co.*, 19 C. C. P. A. 164, T. D. 45276.

In every appeal to reappraisement it is incumbent upon the plaintiff or appealing party to meet every material issue involved in the case. Failing to do so, the appeal is subject to dismissal by the trial court, in which event the value fixed by the appraiser remains in full force and effect. *United States* v. *T. D. Downing & Co.*, 20 C. C. P. A. 251, T. D. 46057; *Transatlantic Shipping Co., Inc., etc.* v. *United States*, 28 C. C. P. A. 19, C. A. D. 118.

On all the facts and the law the within appeal must be and the same hereby is dismissed. Judgment will be rendered accordingly.